UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN SABAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:23-cv-551-O |
| | § | |
| LUCIAN LINCOLN WOOD, JR. | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss (ECF No. 33), filed September 8, 2023; Plaintiff's Response (ECF No. 37), filed September 29, 2023; and Defendant's Reply (ECF No. 39), filed October 12, 2023. For the reasons set forth herein, Defendant's Motion is **GRANTED**.

### I.   BACKGROUND[1]

In January 2022, John Sabal ("Plaintiff") and his company The Patriot Voice ("TPV") began planning to hold an event on the East Coast. Around this time, Lucian Lincoln Wood, Jr. ("Defendant") suggested that Plaintiff hold this event at one of Defendant's properties in South Carolina ("Tomotley"). Defendant invited Plaintiff to visit Tomotley to show him how great of venue it could be for the event. After Plaintiff visited Defendant at Tomotley, the two agreed that TPV would host the event at another South Carolinian property owned by Defendant, the Huspa Plantation. The event was then scheduled for April 29 through May 1, 2022.

---

[1] The Court recites the facts as stated in Plaintiff's Complaint. *See generally* Am. Compl., ECF No. 32. At this stage, the Court accepts all well-pleaded allegations in the complaint as true. *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

Around February 2022, Plaintiff alleges that Defendant pulled out of the agreement to host the event. Plaintiff and TPV attempted to find a different location to host the event. Plaintiff ultimately canceled the event in late March 2022 because he could not find another location. Plaintiff and TPV subsequently began refunding money to those who bought tickets. During this process, Defendant accused Plaintiff of fraud, alleging that Plaintiff was not planning to return the money to ticketholders. Defendant encouraged his supporters to dispute the charges from TPV. Defendant's comments were made from his channel @linwoodspeakstruth on Telegram, a cloud-based social messaging application. The channel has about 385,000 subscribers. Defendant's attacks continued against Plaintiff. During the past year, Defendant and his organization #FightBack, which is not a named defendant in this case, published statements accusing Plaintiff of being part of "Deep State efforts," being a "FAKE Patriot," and blackmailing Defendant's children.

Following these statements, Plaintiff filed this action against Defendant for defamation. Plaintiff claims that Defendant's statements accused Plaintiff of multiple crimes, a lack of integrity, dishonesty, and ethical improprieties. In response, Defendant filed the instant Motion to Dismiss for lack of personal jurisdiction.[2] The Motion has been fully briefed before the Court and is now ripe for consideration.[3]

## II.    LEGAL STANDARD

A federal court may only exercise *in personam* jurisdiction over a nonresident if: (1) the long-arm statute of the forum state permits personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth

---

[2] Def.'s Mot. to Dismiss, ECF No. 33.
[3] *See generally* Pl.'s Resp. ECF No. 37; Def.'s Reply, ECF No. 39.

Amendment. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because the State of Texas's long-arm statute provides for personal jurisdiction to the maximum extent permitted by the Due Process Clause, the only issue necessary to adjudicate is whether the Court's exercise of personal jurisdiction over Defendant in this action would offend Due Process. *See id.* at 469-70.

Due Process is satisfied when (i) the nonresident defendant "has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state," and (ii) "the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (cleaned up).

Sufficient minimum contacts support either specific or general jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Specific jurisdiction exists when the cause of action arises out of or is related to the defendant's purposeful contacts with the forum. *See Burger King*, 471 U.S. at 472. General jurisdiction arises when the defendant has continuous and systematic contacts with the forum state, regardless of whether the cause of action arises from those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

In a diversity action, a plaintiff must first make a *prima facie* showing that personal jurisdiction exists over the defendant. *Revell*, 317 F.3d at 469. Uncontroverted allegations within the plaintiff's complaint are taken as true. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). Any genuine, material conflicts within the evidence and affidavits are resolved in the plaintiff's favor. *Id.* A district court need not "credit conclusory allegations, even

if uncontroverted[,]" nor must it "draw farfetched inferences." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

**III.   ANALYSIS**

Plaintiff argues that the Court has specific jurisdiction over Defendant because Defendant made false statements online that he knew would impact Plaintiff's activities in Texas.[4] Defendant counters that the Court lacks specific jurisdiction because "the mere fact that some readers, including Plaintiff, may have accessed the posts in Texas is an insufficient basis to subject [Defendant] to personal jurisdiction in Texas."[5] Based on the following, the Court concludes that it does not have specific jurisdiction over Defendant.

In the Fifth Circuit, when a defendant's online activity, like @linwoodspeakstruth, "is the claimed basis for specific jurisdiction vis-à-vis an intentional tort[,] [courts] first look to the website's interactivity" to determine whether personal jurisdiction may exist. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 485 (2022) (citing *Revell*, 317 F.3d at 470). Jurisdiction is unavailable when a site merely posts information that a general audience of visiting people can see. *Id.* But when a site interacts with its visitors by posting and sending messages, like Defendant's Telegram channel, the Court must apply the usual "effects test" of *Calder v. Jones*. *Id.* (citing 465 U.S. 783 (1984).

In *Calder*, the Supreme Court upheld a California court's exercise of personal jurisdiction over two defendants from Florida because the defendants had "expressly aimed" their conduct— i.e., writing and publishing an article in the National Enquirer—at the forum state and knew that the effects of their conduct would be felt there. 465 U.S. at 788-89. The Court reached this decision because the defendants' article concerned a California resident, addressed activities occurring in

---

[4] Pl.'s Resp. at 13, ECF No. 37.
[5] Def.'s Brief in Support of Mot. to Dismiss at 2, ECF No. 34.

California, and drew from California sources, while the "brunt of the harm" was also suffered in California. *See id*. Accordingly, for *Calder* to apply, the forum state must "'be the focal point'" of the defendant's conduct. *Clemens*, 615 F.3d at 379 (quoting *Calder,* 465 U.S. at 789). In a defamation case, the forum will be considered the focal point if both the subject matter of the article or conduct, and the sources relied upon for the article or conduct, were located in the forum state. *Id.* at 380.

Here, Defendant's comments do not satisfy the *Calder* effects test. Defendant used his Telegram channel to accuse Plaintiff of being a "Godless, satanic, communist, deep-state operative, who conspired to blackmail Defendant's children."[6] Plaintiff argues that because he was moving to Texas and operates a business with a "large base of supporters in Texas," the "'brunt' of the effects would be felt in Texas."[7] In *Fielding v. Hubert Burda Media, Inc.*, however, the Fifth Circuit cautioned against an approach that only looks at where a plaintiff identifies an injury. 415 F.3d 419, 427 (5th Cir. 2005). "To employ this approach would turn the jurisdictional analysis on its head, focusing attention not on where the alleged tortfeasor directed its activity, but on where the victim could identify tangential harms." *Id.* The fact that Plaintiff resides and suffered harm in Texas "will not alone support jurisdiction under *Calder*." *Revell*, 317 F.3d at 473; *see also Clemens*, 615 F.3d at 380 (declining jurisdiction, because even though the defendant knew harm would result in Texas, Texas was not the focal point of the alleged defamatory statement); *Panda Brandywine Corp.*, 253 F.3d at 869 ("*Calder*'s 'effects' test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state.").

---

[6] Pl.'s Resp. at 7, ECF No. 37.
[7] *Id.* at 15–17.

Instead, specific jurisdiction exists only if Texas was the focal point of Defendant's comments. *See Clemens*, 615 F.3d at 379.

Plaintiff contends that because (1) Defendant knew that Plaintiff was moving to Texas, (2) TPV had a large following in Texas, and (3) Defendant solicited donations from Texas residents to his #FightBack non-profit that is incorporated in Texas, Defendant intentionally directed his actions toward the State of Texas.[8] But the Court finds that Texas was not the focal point of Defendant's comments, and that Defendant did not direct his conduct towards Texas. First, Defendant referenced neither Texas, nor any Texas-based activities of Plaintiff in his comments. *See Revell*, 317 F.3d at 473. Instead, Defendant's statements concerned issues relating to an event that was set to take place in South Carolina. Second, when making the allegedly defamatory comments, Defendant does not appear to rely on any Texas sources. Third, Defendant's comments do not concern Texas.

At bottom, the only reason to hale Defendant into a Texas court is that Texans visited and viewed posts on Defendant's Telegram channel. But those posts "reflect only [@linwoodspeakstruth's] universal accessibility, not [Defendant's] purposeful availment to Texas." *TheHuffingtonPost.com, Inc.*, 21 F.4th at 320. And while #FightBack is incorporated under the laws of Texas, that entity is not a named party to this lawsuit. "It is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden v. Fiore*, 571 U.S. 277, 291 (2014). Here, "the application of those principals are clear: [Defendant's] relevant conduct occurred [outside of Texas], and the mere fact that his conduct affected [Plaintiff who has] . . . connections to the forum State does not suffice to authorize jurisdiction." *Id.* For these reasons, the Court concludes that it does not possess specific jurisdiction over Defendant.

---

[8] *Id.* at 15–17, 22.

When a federal court "finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2)." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). Alternatively, under 28 U.S.C. § 1406(a), a federal court may "transfer the action to any district or division in which it could have been brought if the court finds that it is in the interest of justice to transfer the action." *Id.* (cleaned up). Here, neither party requested that this action be transferred. Therefore, to enable Plaintiff to choose if and where to proceed, the Court determines that this action should be dismissed without prejudice.

### IV.  CONCLUSION

Because the Court lacks personal jurisdiction over Defendant, it need not address whether venue is proper. *See Fielding v. Hubert Burda Media, Inc.*, 2004 WL 532714, at *8 (N.D. Tex. Feb. 11, 2004). For the foregoing reasons, Defendant's Motion to Dismiss for lack of personal jurisdiction is **GRANTED**. Accordingly, it is **ORDERED** this case should be and is hereby **DISMISSED without prejudice**. Separate final judgment shall issue.

**SO ORDERED** on this **13th day** of **November, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**